**MICHAEL LEE DAVIS,**

**Petitioner,**

v.

**L. JOHNSON, Warden, CTF,**

**Respondent.**

**Civil Action No. 18-1897 (JEB)**

## MEMORANDUM OPINION

In this *pro se* habeas Petition, Michael Lee Davis asserts that the D.C. Jail relinquished jurisdiction over him in 2016. When the Government opposed the Petition, Davis never responded, but instead filed an Amended Petition complaining about officer trespass in 1988. As neither claim can advance, the Court will deny both Petitions.

Davis was convicted in the D.C. Superior Court in 1989 of, *inter alia*, assault with intent to kill and sentenced to an indeterminate term of approximately 18-56 years. See ECF No. 7 (Response to Petition), Exhs. 1-2 (J&Cs). After being released on parole in 2009, id., Exh. 4 (Sentencing Data), Petitioner was arrested on a parole-violation warrant in June 2016 and placed at the D.C. Jail. Id., Exh. 8 (Warrant). According to Davis, he was thereafter released to Howard County, Maryland, for a criminal matter on December 23, 2016. See ECF No. 1 (Petition) at 3. He was sentenced to 60 days in the Maryland matter, then returned to the D.C. Jail, which refused to accept him, causing him to serve the time in the Jessup Detention Facility. Id. He was ultimately reparoled on October 27, 2017, see Resp., Exh. 17 (Certificate of Parole), but rearrested on June 22, 2018, for another parole violation, which causes him to be currently housed at the District's Central Treatment Facility. Id., Exh. 20 (Warrant).

According to his initial Petition, the District "relinquished jurisdiction" over him when it refused to take him back after his Maryland trial. See Pet. at 3. It is unclear what the upshot of such a contention is, as Davis never says. If his point is that D.C. could then not take him back after he served his Maryland sentence, such a claim is a *non sequitur* because such putative decision does not cause him to be incarcerated today. As just mentioned, he was paroled in 2017, and his current detention results instead from a new parole violation. In any event, "[w]hen one sovereign releases its prisoner to another for the purpose of a prisoner's serving a sentence there, it does not effectuate a loss of its jurisdiction over the prisoner." McCain v. Webb, 62 Fed. App'x 596, 598 (6th Cir. 2003) (citation omitted). If, conversely, he is complaining that he should have been able to serve his 60 days in D.C., not Maryland, that is not the proper subject of a habeas action, nor has he indicated any harm he suffered thereby.

Shifting gears, Davis's Amended Petition says nothing about such relinquishment and instead asserts an opaque trespass claim against Metropolitan Police Department officers from 1988, which presumably relates to his arrest on his initial AWIK charge. Yet he never explains how the officers violated his Fourth Amendment rights, why such violation somehow resulted in his old convictions, whether such issue arose in any appeal to the D.C. Court of Appeals, or why he can bring such a claim here now. Absent more, the Court cannot grant such a vague Petition.

The Court, accordingly, will deny the Petition in a contemporaneous Order.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: April 2, 2019